## CHARLES W. JEFFERSON vs. JAMES I. PADLEY.

EXECUTION—ALIAS AND PLURIES WRIT—REQUISITES.

An *alias* or *pluries* writ of execution issued in general form of an *alias* or *pluries fieri facias* is sufficient, although it does not show upon its face that it was issued to recover balance of judgment debt.

(*January* 11, 1917)

PENNEWILL, C. J., and RICE, J., sitting.

*Townsend* and *Topkis* for plaintiff.

*Walter J. Willis* for defendant.

Superior Court, New Castle County, January Term, 1917.

*Pluries fi. fa.* No 1, January Term, 1917.

ACTION by Charles W. Jefferson against James I. Padley. Judgment for plaintiff, motion to quash *pluries fierie facias.* Motion denied.

This was a motion on behalf of the defendant, to quash an execution writ of *pluries fi. fa.*, No. 1, to January term, 1917, on the ground that the writ does not show upon its face that it was issued to recover the residue of the judgment debt. The judgment was obtained at the March term, 1916, by Charles W. Jefferson, plaintiff, against James I. Padley, the defendant, being No. 446 to that term. Under a former *fi. fa.* a levy had been

made and the goods afterwards sold for an amount less than the amount of the judgment.

*Per Curiam:* At one time in this state, under such circumstances, it was necessary to issue the *alias* or *pluries fi. fa.* in the form of a *fi. fa.* for the residue. *Fiddleman v. Biddle*, 1 *Harr.* 500. However, this practice has been changed for many years and it is now sufficient if the *alias* or *pluries* writ issues in the general form of an *alias* or *pluries fi. fa. Woolley* on *Del. Practice*, § 1002.

As the form of the writ issued in this case follows the established practice, we are of the opinion that it should not be quashed. The court therefore refuse the motion.